COOPER ODAM v. THE STATE.

No. 4444.    Decided April 25, 1917.

**School Law—Compulsory Attendance—Information.**

Where, upon trial of a violation of the compulsory attendance school law, the information failed to allege the child's name, age or relationship of defendant to the child, whether parent, guardian or other custodian, and also failed to allege in the second count when or where defendant hired said child, etc., the same was fatally defective.

Appeal from the County Court of Houston.    Tried below before the Hon. E. Winfree.

Appeal from a conviction of a violation of the school law; penalty, a fine of one dollar.

The opinion states the case.

*Oliver C. Aldrich,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—This is an appeal from a conviction under our compulsory attendance school law, under the Act approved March 13, 1915, page 92.

It seems appellant was convicted under section 5 of said Act for employing a child within the age of compulsory school attendance who had not been lawfully excused from attendance upon school, and fined $1.

The first section of said Act in substance requires every child who is eight and not more than fourteen years old to attend the public schools for a certain length of time during the scholastic year beginning September 1, 1916. Section 2 provides for the exemption of such child from attendance for certain specified reasons, unnecessary to state.

Section 5 is: "Employment Prohibited.—No child under fourteen years of age not lawfully excused from attendance upon school shall be employed by anyone during the school hours in any occupation during the period which the child is required to be in school, as provided by this Act. Any person, firm or corporation found guilty of employing any child  .  .  .  who is subject to the provisions of this Act shall be fined not to exceed ten dollars for each offense, and each day that said child is employed after due notice given by any school official that said child can not be legally employed shall constitute a separate offense."

So much of section 9 as is applicable herein is this: "Duties of Parent or Guardian.—If any parent or person standing in parental relation to a child within the compulsory school attendance ages who is not properly excused from attendance upon school for some one or more of the exemptions provided in section 2 of this Act fails to require such child to attend school regularly for such period as is required in section 1 hereof, it shall be the duty of the attendance officer who has jurisdiction in the territory where said parent or person standing in parental relation resides, to warn such parent or person standing in parental

relation, that the provisions of this Act must· be immediately complied with, and upon failure of said parent or persons standing in parental relation to immediately comply with the provisions of this Act after such warning has been given, the official discharging the duties of the attendance officer shall forthwith file complaint against such parent or person standing in parental relation to said child, which complaint shall be filed in the County Court, or in the Justice Court in the precinct where such parent or guardian resides, and shall diligently prosecute same to its conclusion. Any parent or other person standing in parental relation upon conviction for failure to comply with the provisions of this Act shall be deemed guilty of a misdemeanor, and shall be fined for the first offense five dollars, and for the second offense ten dollars, and for each subsequent offense twenty-five dollars."

It seems that the information, which is based upon a complaint to the same effect, attempted to charge appellant with each of said offenses prescribed by said sections 5 and 9, respectively. After the proper heading of the information and that it was made by the county attorney ·of said county at the February term, 1917, of the County Court thereof, it alleges:

"That Cooper Odam on or about the 12th day of December, A. D. one thousand nine hundred and sixteen, and before the filing of this information in the County of Houston ánd State of Texas, did then and there unlawfully failed to require child, to whom he stands in parental relation to attend school regularly, said child being then and there within the compulsory school attendance ages and said child being then and there not properly excused from attendance upon school for any one or more of the exemptions provided for in said compulsory attendance law of the State; the said compulsory law having been put into force and effect in said county by legal order of county board of said county, which order was made by said board of school trustees on the 2nd of October, 1916, and said law being then and there in effect when said offense was committed, having gone into effect by virtue of the order above mentioned on the 6th of November, 1916, and he, the said Cooper Odam, then and there having had legal warning to send his said child to school and all other things required by law to be done by said attendance officer having been done.

"And he, the said Cooper Odam, hired the said child when he, the said child, should have been in school."

Appellant attacked the sufficiency of both counts of said information, if it could be said there are two counts therein, on various grounds. It is so wholly insufficient and fatally defective in several particulars that by a mere reference and comparison thereof with the said sections above quoted it would seem unnecessary to state them all or discuss any of them. The child's name is not alleged. It should be. Neither is the child's age nor the relationship of appellant to the child alleged. This should be. The mere allegation that appellant stands in a parental relation is not sufficient. It should be alleged what that relationship

is—whether that of parent, guardian or other custodian of the child. It would be better also to allege when and how and by whom the warning was given instead of the very general conclusion stated in the information.

As to the second count, if it could be called a count at all, under which it seems appellant was convicted, it fails in the less than two lines constituting it to allege when or where appellant hired said child; nor does it give the name or age of the child; nor does it allege that the child was not lawfully excused from attendance upon school when employed by appellant. It would be better also under said section 5 to allege that appellant had been given due notice that said child could not be legally employed, averring how, when and by whom such notice was given.

Because of the fatally defective pleading herein the judgment is reversed and the cause dismissed.

*Dismissed.*